UNITED STATES of America, ex rel.,
J. Benjamin JOHNSON, Jr., et al.

v.

SHELL OIL COMPANY, et al.

No. Civ.A. 9:96 CV 66.

United States District Court,
E.D. Texas,
Lufkin Division.

Sept. 11, 1998.

Lake City, UT, for Leonard Brock, Danielle Brian, Project on Government Oversight.

Olen Kenneth Dodd, AUSA, U.S. Attorney's Office, Beaumont, TX, John Michael Bradford, U.S. Attorney, Beaumont, TX, Robert J. McAulisse, U.S. Department of Justice, Washington, DC, Dodge Wells, U.S. Department of Justice, Civil Division, Washington, DC, for United States.

George Edward Pickle, Jr., Ann Spiegel, Shell Oil Co. Legal Department, Houston, TX, James Stephen Roper, Zeleskey Cornelius Hallmark Roper & Hicks, Lufkin, TX, Daniel M. McClure, Richard N. Carrell, Fulbright & Jaworski, Houston, TX, Brian C. Elmer, Thomas P. Humphrey, Crowell & Moring LLP, Washington, DC, L. Poe Leggett, Jackson & Kelly, Washington, DC, for Shell Oil Company, Shell Deepwater Production Inc., Shell Offshore Ventures Inc., Shell Oil Products Co., Shell Western Exploration & Production Inc., Shell Exploration and Production Inc., Shell Consolidated Energy Resources Inc., Shell Frontier Oil & Gas Inc., Shell Land and Energy Co., Shell Offshore Inc.

Thomas T. Hutcheson, Liddell Sapp Zivley Hill & LaBoon, Houston, TX, Michael Lee Homeyer, Amoco Corp., Houston, TX, Kenzy Donovan Hallmark, Zeleskey Cornelius Hallmark Roper & Hicks, Lufkin, TX, Frank Cicero, Jr., Steven Craig Coberly, David J. Zott, Kirkland & Ellis, Chicago, IL, William John Noble, Amoco Corporation, Chicago, IL, for Amoco Corporation, Amoco Co., Amoco Oil Co., Amoco Production Co., Amoco Supply & Trading Co., Amoco Pipeline Co., Amoco Petroleum Products.

Russell Dwight Howell, Conoco Inc., Legal Dept., Houston, TX, James Stephen Roper, Zeleskey Cornelius Hallmark Roper & Hicks, Lufkin, TX, Daniel M. McClure, Richard N. Carrell, Fulbright & Jaworski, Houston, TX, George J. Terwilliger, III, McGuire Woods Battle & Boothe LLP, Washington, DC, for Conoco Inc.

Thomas H. Owen, Jr., Burlington Resources Inc., Houston, TX, Taylor Mayo Hicks, Hicks Thomas & Lilienstern, Houston, TX, John T. Boese, Anthony S. Yoo, Fried Frank Harris Shriver & Jacobson,

Clayton Edward Dark, Jr., Clayton E. Dark, Jr., Attorney, Lufkin, TX, Thomas Walter Umphrey, Michael A. Havard, Provost & Umphrey, Beaumont, TX, Rayford Lee Etherton, Jr., Etherton Smith, Mobile, AL, John Michael Fincher, Attorney at Law, Mobile, AL, Reuben A. Guttman, Provost & Umphrey, Washington, DC, Scott A. Powell, Don McKenna, Hare Wynn Newell & Newton, Birmingham, AL, James Burdette Helmer, Jr., Helmer Lugbill Martin & Morgan Co., Cincinnati, OH, for J. Benjamin Johnson, Jr., John M. Martineck.

Claude Edward Welch, John Wesley Tunnell, Law Offices of Claude E. Welch, Lufkin, TX, Harold Wayne Nix, Nix Law Firm, Daingerfield, TX, Michael Bryan Angelovich, The Nix Law Firm, San Antonio, TX, for Harrold E. "Gene" Wright.

Carl A. Parker, Parker Parks & Rosenthal, Port Arthur, TX, Wayne A. Reaud, Reaud Morgan & Quinn, Beaumont, TX, Daniel William Packard, Packard & Packard, Beaumont, TX, Von G. Packard, Packard Packard & Johnson, Palo Alto, CA, Lon D. Packard, Packard Packard & Johnson, Salt

Washington, DC, for Burlington Resources Inc., Burlington Resources Oil & Gas Company, Burlington Resources Marketing Inc., Burlington Resources Offshore Inc., Burlington Resources Trading Inc., Meridian Oil Inc., Meridian Oil Marketing Inc., Meridian Oil Services Inc., Meridian Oil Trading Inc., Meridian Oil Production Inc., Meridian Oil Holding Inc., Meridian Oil Offshore Inc.

Randall M. Ebner, Exxon Company USA, Houston, TX, Shannon H. Ratliff, McGinnis Lochridge & Kilgore, Austin, TX, for Exxon Corporation, Exxon Company USA, Exxon Exploration Company.

Michael Paul Graham, Baker & Botts, Houston, TX, Russell Dwight Howell, Conoco Inc., Legal Dept., Houston, TX, James Stephen Roper, Zeleskey Cornelius Hallmark Roper & Hicks, Lufkin, TX, Daniel M. McClure, Richard N. Carrell, Fulbright & Jaworski, Houston, TX, George J. Terwilliger, III, McGuire Woods Battle & Boothe LLP, Washington, DC,, J. William Boland, Darryl S. Lew, McGuire Woods Battle & Boothe LLP, Washington, DC, for Chevron Corporation, Chevron USA Inc., Chevron Oil Company, Chevron USA Production Co., Chevron Products Company, Chevron Oil Trading Company Inc.

Jefferson Gregory Copeland, Baker & Botts, Houston, TX, Rufus W. Oliver, III, Baker & Botts, Houston, TX, Robert J. Pickens, Marathron Oil Comany, Houston TX, for Marathon Oil Co., Marathon Oil–Refining Transportation & Marketing, Marathon Petroleum Co.

John Harrell Feldt, Andrew McCollam, Richard H. Page, III, Vinson & Elkins, Houston, TX, James Allen Drexler, Unocal, Sugarland, TX, for Union Oil Company of California, Unocal Corporation, Unocal Exploration Corp.

Ronald Earl Cook, Cook & Roach, L.L.P., Houston, TX, Howard J. Nichols, Squire Sanders & Dempsey, Cleveland, OH, for BP America Inc., BP Chemical Inc., BP Exploration & Oil Inc., BP North American Petroleum Inc., BP Oil Company, BP Exploration Inc., BP Exploration (Alaska) Inc., BP Oil Supply Company.

Richard W. Beckler, Fulbright & Jaworski, Washington, DC, James Stephen Roper, Zeleskey Cornelius Hallmark Roper & Hicks, Lufkin, TX, Eric Anthony Allen, Phillips Petroleum Corp., Bartlesville, OK, Daniel M. McClure, Richard N. Carrell, Fulbright & Jaworski, Houston, TX, for Phillips Petroleum Company, Phillips 66 Co., Phillips Oil Co.

Richard W. Beckler, Fulbright & Jaworski, Washington, DC, James Stephen Roper, Zeleskey Cornelius Hallmark Roper & Hicks, Lufkin, TX, Daniel M. McClure, Richard N. Carrell, Fulbright & Jaworski, Houston, TX, for Kerr–McGee Corp., Kerr–McGee Oil Industries Inc., Kerr–McGee Petroleum Exploration and Production, Kerr–McGee Petroleum Exploration & Production Co., Kerr–McGee Refining Corp.

Tyler Alexander Baker, Fletcher L. Yarbrough, Kenneth E. Carroll, Carrington Coleman Sloman & Blumenthal LLP, Dallas, TX, Linda A. Allen, Pennzoil Exploration and Production Co., Houston, TX, John McDonald, Jackson & Kelly, Washington, DC, for Pennzoil Company, Pennzoil Exploration and Production Co., Pennzoil Petroleum Co., Pennzoil Producing Co., Pennzoil United Inc., Pennzoil Products Company, Pennzoil Louisiana and Texas Offshore Inc.

William Raymond Stoughton, Kristen Garvey Schulz, McKenna & Cuneo, Dallas, TX, Taylor Mayo Hicks, Hicks Thomas & Lilienstern, Houston, TX, Mark R. Troy, McKenna & Cuneo, Los Angeles, CA, Becky McGee, Oryx Energy Company, Dallas, TX, for Oryx Energy Co., Oryx Crude Trading and Transportation Inc.

Max Hendrick, III, James Daniel Thompson, III, Susan Schmidt Pie, Vinson & Elkins, Houston, TX, for Sun Company Inc. (R & M).

Claudia Wilson Frost, Baker & Botts, Houston, TX, Oliver S. Howard, M. Benjamin Singletary, Gable Gotwals Mock Schwabe, Kihle Gaberino, Tulsa, OK, Peter J. Levin, Pierson Semmes and Bemis, Washington, DC, for Oxy USA Inc., Oxy Petrochemicals Inc.

David Richard Woodward, Larry William Johnson, Robert G. Buchanan, Jr., Cowles &

Thompson, Dallas, TX, for Canadianoxy Offshore Production Company.

George Edmond Chandler, Chandler Law Offices, Lufkin, TX, Raymond Doak Bishop, Weston C. Loegering, MaryAnn Joerres, Hughes & Luce, Dallas, TX, Darrin M. Walker, Chandler Law Offices, Lufkin, TX, Regina Cooper Himelfarb, Attorney at Law, Fort Worth, TX, for Union Pacific Corporation, Union Pacific Fuels Inc., Union Pacific Resources Co., Union Pacific Austin Chalk Co., Union Pacific Resources Group Company, Union Pacific Oil and Gas Company.

James Stephen Roper, Zeleskey Cornelius Hallmark Roper & Hicks, Lufkin, TX, for All Defts Except.

Roger Neil Moss, Attorney at Law, Lufkin, TX, Karen L. Manos, Alan M. Grimaldi, Charles J. Engel, III, Kristen S. Scammon, Howrey & Simon, Washington, DC, Bob F. Wright, Domengeaux Wright & Roy, Lafayette, LA, Michael Van Ardoin, Attorney at Law, Lafayette, LA, Robert K. Hammack, Attorney at Law, Lafayette, LA, for Texaco Inc., Texaco Exploration & Production Inc., Texaco Trading & Transportation, Inc., Texaco Oil Trading & Supply Company, Texaco Producing Inc., Texaco Refining & Marketing, Inc., Four Star Oil and Gas Company.

## ORDER

HANNAH, District Judge.

Before the Court is the Motion of the Texaco Defendants[1] ("Texaco") to Dismiss the Relators' Second Consolidated Complaint and the Complaint of the United States for Lack of Subject Matter Jurisdiction or, in the Alternative, on Primary Jurisdiction Grounds (Doc. # 270). After review of the motion, the response of the Relators and the Government, and the reply of Defendants, it is the opinion of the Court that the motion is not well taken and should be DENIED.

Texaco asserts that this Court lacks subject matter jurisdiction over both the Relators' and the Government's claims because of pending "administrative civil money penalty proceedings" against Texaco. According to Texaco's reading of § 3730(e)(3) of the False Claims Act ("FCA"), these proceedings bar the Relators' claims. Texaco also argues that the claims of both the United States and the Relators are barred under § 3730(e)(5) based on an election by the Minerals Management Service ("MMS") to bring "administrative civil money penalty proceedings" against Texaco after the Relators' Complaint was filed.

Texaco, in this motion, also joins in the motion of their co-defendants to dismiss on primary jurisdiction grounds because the MMS has primary jurisdiction to decide, in the first instance, issues of oil valuation.

## DISCUSSION

31 U.S.C. § 3730(e)(3) prohibits a person from bringing a *qui tam* action "which is based upon allegations or transactions which are the subject of a civil suit or administrative civil money penalty proceeding in which the Government already is a party." 31 U.S.C. § 3730(e)(3). Texaco asserts that the MMS was "prosecuting several administrative civil money penalty proceedings against Texaco at the time the complaint was filed"[2] which were based upon "both the allegations and many of the same transactions at issue in Relators' Complaint."[3] Texaco points out that the False Claims Act does not define the phrase, "administrative civil money penalty proceeding."

Texaco bases its argument on various letters Texaco received from the MMS having to do with two lease areas in California and North Dakota and relating to a nationwide audit of Texaco's "practices and procedures relating to reporting and paying royalt[ies] ... on Federal and Indian leases."[4]

The California dispute deals with onshore leases for the periods from January 1, 1986

---

1. The Texaco Defendants are: Texaco Inc., Texaco Exploration & Production, Inc., Texaco Trading & Transportation, Inc., Texaco Oil Trading & Supply Co., Texaco Production Inc., Texaco Refining & Marketing, Inc., and Four Star Oil & Gas Co.

2. Texaco's Motion to Dismiss (Doc. # 270) at page 2.

3. *Id.*

4. *Id.* at page 5.

through June 30, 1987 and from July 1, 1987 through December 31, 1989. The North Dakota dispute deals with federal leases for the period October 1, 1989 through September 30, 1992. The "Phase IV" nationwide audit dispute covers the period from October 1, 1992 through December 31, 1995.

The letter from the MMS to Texaco which relates to the California dispute, dated July 29, 1992 states, in pertinent part:

[t]he California State Controller's Office (State), in accordance with Section 205 of the Federal Oil and Gas Royalty Management Act of 1982 (FOGRMA), has reviewed Texaco Inc.'s (Texaco) California Federal onshore leases for the period February 1, 1983, through December 31, 1989. The State's review indicates that Texaco underpaid royalties due the Minerals Management Service (MMS) by $20,375.59 for the period January 1, 1986, through June 30, 1987, and continued to under pay royalties for the period through July 1, 1987, through December 31, 1989. The underpayment resulted from Texaco reporting crude oil sales at less than the gross proceeds accruing to Texaco.

Texaco sells its oil to an affiliate, Texaco Refining and Marketing Inc. (Texaco Marketing), which then sells the oil to third parties pursuant to arms-length contracts. Texaco has paid royalties based upon the price received from Texaco Marketing. However, as shown below, royalties should have been paid on the gross proceeds received by Texaco, which includes proceeds accruing to its affiliate....

. . . .

Based on the above, additional royalties are due on the value received by Texaco Marketing....

. . . .

Section 109 of FOGRMA, promulgated in 30 C.F.R. § 241.51 (1991), authorizes MMS to assess civil penalties for failure or refusal to comply with the requirements of FOGRMA or any statute, regulation, rule,

order, lease, or permit. Consequently, your failure to comply with the terms of this order may be considered a violation pursuant to 30 C.F.R. § 241.51 and could subject you to penalties of up to $5,000 per violation per day for each day such violation continues or up to $10,000 per violation each day if the violation is considered to be wilful. You have the right to appeal in accordance with the provisions of 30 CFR 290 (1991).[5]

Texaco supplies a letter from the MMS regarding the North Dakota dispute which states that Texaco underpaid its royalties by $10,213.02 and that the under payments were due to "misallocation of oil sales from communitization agreements, failure to pay stepscale royalty rates, failure to pay royalty on oil transferred, undervaluation of oil sold, and underallocation of oil sales from a unit agreement." [6] The letter also states,

Section 109 of FOGRMA, promulgated in 30 C.F.R. § 241.51 (1991), authorizes MMS to assess civil penalties for failure or refusal to comply with the requirements of FOGRMA or any statute, regulation, rule, order, lease, or permit. Consequently, your failure to comply with the terms of this order may be considered a violation pursuant to 30 C.F.R. § 241.51 and could subject you to penalties of up to $5,000 per violation per day.[7]

Exhibit 3 to Defendants' motion is another letter from the MMS to Texaco, addressed to the assistant comptroller in Exploration and Production Accounting Department, informing Texaco that the MMS, Houston Compliance Division, was initiating an audit of Texaco's practices and procedures related to reporting and paying royalties. The audit would include parent and subsidiary companies and cover the period from October 1, 1992 through December 31, 1995. The letter includes this paragraph,

The regulations at 30 C.F.R. § 241.20 and 241.51 (1994) authorize MMS to assess civil penalties for failure or refusal to comply

---

5. Motion and Memorandum to Dismiss the Realtors' Second Consolidated Complaint and the Complaint of the United States for Lack of Subject Matter Jurisdiction or, in the Alternative, on Primary Jurisdiction Grounds at Exhibit 1.

6. *Id.* at Exhibit 2.

7. *Id.*

with the requirements of FOGRMA or any statute, regulation, rule, order, lease, or permit. Consequently, your failure to comply with the record retention and access requirements may be considered a violation subjecting you to penalties of up to $10,000 per violation per day.[8]

Defendants' exhibits show that the MMS' investigation of the California oil royalties underpayment in December, 1996 resulted in a letter/invoice from the MMS to Texaco demanding payment of $3,393,796.69.

It is these transactions between the MMS and Texaco that Texaco contends are "allegations or transactions which are the subject of a civil suit or administrative civil money penalty proceeding in which the Government already is a party." 31 U.S.C. § 3730(e)(3).

■ The United States and the Relators both respond that the above transactions or proceedings between the MMS and Texaco are not civil money penalty proceedings which would bar the Relators' *qui tam* suit under the provisions of 31 U.S.C. § 3730(e)(3). The Court agrees. While none of the parties have supplied the Court with any authority which would define the term "civil money penalty proceedings," and the Court could find none, it is clear that a few payment demands and an audit of Texaco's royalties practices do not constitute the type of proceedings which the provisions of 31 U.S.C. § 3730(e)(3) addresses.

The Government points to the Senate Report on the 1986 amendments, which states that the new provision:

[c]larifies that the Government, once it intervenes and takes over a false claim suit brought by a private individual, may elect to pursue any alternative remedy for recovery of the false claim which might be available under the administrative process.

S.Rep. 99–345 at 27 (1986), reprinted in 1986 U.S.C.C.A.N. 5266, 5292.

The orders to pay do not assert that Texaco knowingly underpaid royalties and do not seek civil monetary penalties. 30 C.F.R. § 241.51(a)(c) indicates that a civil penalty

proceeding can be initiated by a "notice of noncompliance." Penalty notices may also be issued according to the same regulation. Texaco has tendered no notice of noncompliance or penalty notices for underpayment of royalties.

Texaco argues that FOGRMA authorizes the MMS to impose the IRS interest rate on late payment of royalties rather an the standard Treasury rate, which has been considered to be punitive, and Texaco is already in a dispute with the MMS and is therefore subject to paying these "penalties," Texaco insists that it is "already a party to administrative civil money penalty proceedings." [9] This argument fails. All that the orders to pay do is to inform Texaco of the possible assessment of civil penalties under FOGRMA only if Texaco fails to comply with the order to pay.

■ It is the burden of the movant, Texaco, to show that the allegations or transactions which form the basis of the False Claims Act suit are the same as those which are "the subject of a civil suit or an administrative civil money · penalty proceeding in which the Government is already a party." Texaco has failed to convince the Court that the payment demands and audit letters it has received from the MMS are an election of the Government as contemplated by 31 U.S.C. § 3730(e)(3) or § 3730(c)(5) which would be a bar to this suit.

The Court has previously denied the motion to dismiss upon primary jurisdiction grounds brought by Texaco's co-defendants. There is nothing in Texaco's motion which requires us to revisit that issue. Accordingly,

IT IS ORDERED that the Motion of the Texaco Defendants ("Texaco") to Dismiss the Relators' Second Consolidated Complaint and the Complaint of the United States for Lack of Subject Mater Jurisdiction or, in the Alternative, on Primary Jurisdiction Grounds (Doc. # 270) is DENIED.

---

8.  *Id.* at Exhibit 3.

9.  *Id.* at page 8.