2019 IL App (1st) 180588

FIRST DISTRICT
SECOND DIVISION
April 23, 2019

No. 1-18-0588

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS *ex rel.* RICHARD LINDBLOM and RALPH LINDBLOM, | ) ) ) | Appeal from the Circuit Court of Cook County, Illinois. |
| | ) | |
| Plaintiffs-Appellants, | ) | |
| | ) | |
| v. | ) | No. 15 L 50776 |
| | ) | |
| SEARS BRANDS, LLC, an Illinois Corporation, and HOME DEPOT U.S.A., INC., a Georgia Corporation, LOWE'S HOME CENTERS, LLC, a North Carolina Corporation, BEST BUY STORES, L.P., a Minnesota Corporation, and GREGG APPLIANCES, INC., an Indiana Corporation, | ) ) ) ) ) ) ) | Honorable James E. Snyder, Judge Presiding. |
| | ) | |
| Defendants | ) | |
| | ) | |
| (Sears Brands, LLC, and Home Depot U.S.A., Inc., Defendants-Appellees). | ) ) | |

JUSTICE MASON delivered the judgment of the court, with opinion.
Justices Pucinski and Hyman concurred in the judgment and opinion.

## OPINION

¶ 1    Relators-appellants, Richard Lindblom and Ralph Lindblom, brought this *qui tam* action on behalf of themselves and the State of Illinois under the Illinois False Claims Act (Act) (740 ILCS 175/1 *et seq.* (West 2014)) against defendants Sears Brands, LLC (Sears); Home Depot U.S.A., Inc. (Home Depot); Lowe's Home Centers, LLC (Lowe's); Best Buy Stores, L.P. (Best Buy); and Gregg Appliances, Inc. (Gregg Appliances). This appeal involves only defendant-appellee Home Depot.[1]

---

[1]Sears was a party to this appeal and adopted Home Depot's brief on appeal. On October 15, 2018, Sears Holding Company and its debtor affiliates, including Sears, filed for Chapter 11 bankruptcy. Pursuant to section 362(a) of the Bankruptcy Code (11 U.S.C. § 362(a)(1), (3) (2018)), this matter has been automatically stayed as to Sears.

¶ 2 Relators alleged that Home Depot knowingly engaged in a scheme to avoid payment of retailers' occupation tax to the Illinois Department of Revenue (Department) by treating the sale and installation of dishwashers and over-the-range microwave ovens as a construction contract, the latter not being subject to the collection of sales tax from purchasers. Because relators did not plead a specific completed transaction in which Home Depot did not charge and collect the required sales tax from its customer, the trial court dismissed relators' third amended complaint with prejudice for failure to state a claim under section 2-615 of the Code of Civil Procedure (735 ILCS 5/2-615 (West 2014)).

¶ 3 Relators appeal the dismissal of their complaint asserting that pleading an actual completed transaction was not necessary because the third amended complaint pled other facts sufficient to state a cause of action under the Act. Relators also claim that the trial court abused its discretion in denying their motion seeking leave to file a fourth amended complaint to cure the defect and plead an actual transaction in which Home Depot did not charge its customer sales tax. In addition to the insufficiency of relators' complaint, Home Depot claims that the public disclosure bar and government action bar defeat relators' claims. Finding error in the dismissal of relators' third amended complaint, we reverse and remand for further proceedings.

¶ 4 I. Background

¶ 5 A. Retailers' Occupation Tax Act

¶ 6 In Illinois, the Retailers' Occupation Tax Act (ROTA) (35 ILCS 120/1 *et seq.* (West 2014)) and the Use Tax Act (35 ILCS 105/1 *et seq.* (West 2014)) are complementary, interlinking statutes comprising the taxation scheme commonly referred to as the sales tax. *Kean v. Wal-Mart Stores, Inc.*, 235 Ill. 2d 351, 362 (2009). The ROTA imposes a tax on retailers selling tangible personal property to purchasers and is this State's primary means of taxing the retail sale of tangible personal property. *Id.*; *Irwin Industrial Tool Co. v. Department of Revenue*, 238 Ill. 2d

332, 340 (2010). The Use Tax Act (35 ILCS 105/3 (West 2014)) imposes a tax upon consumers for the privilege of using in Illinois tangible personal property purchased at retail from a retailer. *Kean*, 235 Ill. 2d at 362. A retailer's tax liability under the ROTA is computed as a percentage of "gross receipts" (35 ILCS 120/2-10 (West 2014)), defined as the "total selling price" (*id.* § 1). *Kean*, 235 Ill. 2d at 362. Likewise, the use tax is computed as a percentage of the "selling price." *Id.* An identical tax rate of 6.25% is imposed under the ROTA (35 ILCS 120/2-10 (West 2014)) and the Use Tax Act (35 ILCS 105/3-10 (West 2014)). *Kean*, 235 Ill. 2d at 362-63; *Irwin Industrial Tool Co.*, 238 Ill. 2d at 340.

¶ 7       A retailer selling tangible personal property is responsible for remitting the retailers' occupation tax to the Department, but a retailer may reimburse itself for that tax liability by collecting tax from purchasers for using that property within the state, which is commonly known as the "sales tax" on the purchase of tangible personal property.[2] *Nava v. Sears, Roebuck & Co.*, 2013 IL App (1st) 122063, ¶ 14. Even though a single sale and purchase of tangible personal property at retail triggers the imposition of both the use tax (for use of the property) and retailers' occupation tax (for selling the property), the retailer is responsible for remitting only one payment to the Department and that single payment satisfies both tax obligations. *Id.*

¶ 8       The ROTA carves out an exception for construction contracts that incorporate tangible personal property into real estate. *People ex rel. Lindblom v. Sears Brands, LLC*, 2018 IL App (1st) 171468, ¶ 5; see also 86 Ill. Adm. Code 130.1940(a)(6) (2000). Construction contracts are not subject to retailers' occupation tax on the labor furnished and tangible personal property (materials and fixtures) incorporated into a structure as an integral part thereof. 86 Ill. Adm. Code 130.1940(c) (2000); 86 Ill. Adm. Code 130.2075(a)(2) (2001). The rationale underlying such treatment is that an item incorporated into a structure loses its identity as tangible personal

_____

[2]We are concerned here only with the State's share of the sales tax. The total sales tax paid by consumers also includes amounts attributable to county and municipal taxes.

property because it becomes part of the real estate, and the ROTA only applies to sales of tangible personal property, not to real estate. *Spurgeon v. Department of Revenue*, 52 Ill. App. 3d 29, 31 (1977) (citing *G.S. Lyon & Sons Lumber & Manufacturing Co. v. Department of Revenue*, 23 Ill. 2d 180 (1961)). Instead of paying the retailers' occupation tax, a construction contractor incurs a use tax based on the *cost* of the affixed property, *i.e.*, not the retail price, because the contractor is the end-user of the tangible personal property. See *id.* Stated simply, a construction contractor pays use tax and a customer does not pay "sales tax" on construction contracts.

¶ 9                                 B. The False Claims Act

¶ 10        Two sections of the Act are relevant here. Section 3(a)(1)(G) provides that any person who "knowingly conceals or knowingly and improperly avoids or decreases an obligation to pay or transmit money or property to the State" is liable to the State for a civil penalty. 740 ILCS 175/3(a)(1)(G) (West 2014); *Sears Brands, LLC*, 2018 IL App (1st) 171468, ¶ 7. Section 4(b)(1) authorizes private persons, referred to as plaintiffs-relators, to bring civil actions on behalf of themselves and on behalf of the State of Illinois against any person violating section 3(a)(1)(G). 740 ILCS 175/4(b)(1) (West 2014); *Sears Brands, LLC*, 2018 IL App (1st) 171468, ¶ 7. The action brought by a relator is known as a "*qui tam*" action. *Sears Brands, LLC*, 2018 IL App (1st) 171468, ¶ 7.

¶ 11        After a relator files a *qui tam* action, the State may elect to intervene and proceed with the action, or decline to intervene giving the relator the right to conduct the action. *State ex rel. Schad, Diamond & Shedden, P.C. v. My Pillow, Inc.*, 2018 IL 122487, ¶ 4; *Sears Brands, LLC*, 2018 IL App (1st) 171468, ¶ 8. A relator is a party to the *qui tam* action and is awarded a percentage of the proceeds or settlement if the action results in a recovery. *My Pillow, Inc.*, 2018 IL 122487, ¶ 8; *Sears Brands, LLC*, 2018 IL App (1st) 171468, ¶ 8.

¶ 12                                    C. The Lindbloms's Case

¶ 13          Richard and Ralph Lindblom are brothers, and they own and operate Advanced

Appliance, Inc., d/b/a Advanced Maytag Home Appliance Center (Advanced Maytag), located in

Schaumburg, Illinois. *Sears Brands, LLC*, 2018 IL App (1st) 171468, ¶ 10. Advanced Maytag's

business consists of selling and servicing home appliances. *Id.* Likewise, a portion of Home

Depot's business includes selling home appliances, including dishwashers and over-the-range

microwaves.

¶ 14          Relators learned that defendants, including Home Depot, did not charge customers sales

tax on the retail sales of dishwashers and microwaves when the customer also arranged for

delivery and installation services from defendants because defendants treated those sales as a

construction contract, which was not subject to the collection of sales tax from customers. *Id.*

¶ 11. Relators estimated that Advanced Maytag lost approximately 36 sales a year to defendants

based on defendants' lower prices due to their failure to collect sales tax from customers. *Id.*

¶ 15          Relators believed defendants' practice was a knowing and purposeful scheme to avoid

remitting the taxes owed on the retail sale of dishwashers and over-the-range microwaves. *Id.*

Based on that belief, relators sent the Department a letter in February 2015,[3] notifying the

Department that defendants were not charging customers tax on the sale of certain appliances

when the customer also arranged for delivery and installation. In June 2015, allegedly in

response to the information provided in the relators' letter, the Department issued a compliance

alert addressing the proper tax treatment of appliances and other tangible personal property sold

with installation services and whether those sales qualified as construction contracts. Ill. Dep't of

Revenue, Compliance Alert (June 2015), https://www2.illinois.gov/rev/research/publications/

---

[3]Relators also claim to have sent the Department a letter in 2004 (more than 10 years before filing their complaint), raising the same allegations regarding defendants' fraudulent scheme. That letter is not included in the record.

compliancealerts/Documents/ca-2015-14.pdf [https://perma.cc/3MBK-6XD9]. The Department explained that "[t]he sale of tangible personal property with a separate agreement to install it does not convert the retail sale to a construction contract." *Id.* The Department elaborated that "[t]his frequently occurs when an appliance is sold, the purchaser requires installation of the appliance, and the invoice lists the charge for installation separately. *** The seller in this case would pay [retailers' occupation tax] on the receipts from the sale of the [appliance]." *Id.* In contrast, the Department explained that a construction contractor incurs use tax based on the cost price of tangible personal property permanently affixed to real estate pursuant to a construction contract. *Id.*

¶ 16      On November 12, 2015, relators filed this whistleblower *qui tam* action under the Act alleging that big-box appliance retailers (Sears, Home Depot, Lowe's, and Gregg Appliances) violated section 3(a)(1)(G) by knowingly and improperly avoiding or decreasing their obligation to remit the correct amount of tax relating to the sale and installation of dishwashers and over-the-range microwaves. *Sears Brands, LLC*, 2018 IL App (1st) 171468, ¶ 18. Relators asserted that defendants knowingly and incorrectly designated the sales of these appliances when they arranged for delivery and installation as construction contracts involving permanent improvements to real property (instead of retail sales). *Id.* ¶ 20. The Attorney General, on behalf of the State, elected not to intervene in the action, and relators elected to continue the action on their own behalf and on behalf of the State. *Id.* ¶ 18.

¶ 17      On September 2, 2016, after relators filed an amended complaint adding Best Buy as a defendant, Home Depot's counsel advised relators' counsel that Home Depot intended to file a motion to dismiss based on the complaint's failure to satisfy Illinois's fact pleading standard and, more specifically, the higher standard for claims pleading fraud.

¶ 18        Relators filed a second amended complaint, which included additional facts relevant to their false claim action and defendants' alleged scheme, but the count asserting a violation of the Act was not altered in any way from the amended complaint. Defendants filed a joint motion to dismiss, asserting that relators failed to plead fraud with specificity, *i.e.*, facts demonstrating that defendants knowingly failed to remit the correct amount of tax. Defendants also argued that the public disclosure bar applied because relators' allegations were based on information that already existed in the public domain before relators filed their complaint. In particular, defendants argued that on July 4, 2011, the Milwaukee Journal Sentinel published an article titled "Appliance Installation Sales Tax Is Disputed," raising the same allegations regarding the proper sales tax treatment under Wisconsin tax law of built-in appliances. Amy Karon, *Appliance Installation Sales Tax Is Disputed*, Milwaukee Journal Sentinel (July 4, 2011), http://archive.jsonline.com/ watchdog/pi/124989614.html [https://perma.cc/F6QD-AFH9]. The article focused on a retailer's (not named as a defendant in this action) sales tax treatment of appliances sold and installed by the retailer under Wisconsin tax law, asserting, unlike Illinois tax law, that the retailer *improperly* charged customers sales tax on household appliances when the retailer installed the appliance. *Id.* Although the article focused on the practices of a different retailer, the article noted that representatives at five Home Depot, Sears, and Lowe's stores in Wisconsin stated that they did not charge sales tax on dishwashers to be installed by those retailers, which was a practice complying with Wisconsin tax law.

¶ 19        During the hearing on defendants' motion to dismiss relators' second amended complaint, the trial court addressed defendants' assertion that relators had to plead a completed transaction to state a cause of action under the Act. The trial court stated:

            "I think the failure to collect and tender the tax, a relator telling the state, we have evidence that this particular taxpayer in this particular transaction failed to collect and

tender a required tax, would perhaps be very good independent evidence which materially advanced the matter, but isn't the sole type of evidence or information which they could provide to the state. So I don't believe a purchase has to happen, although it sure is the way that you most commonly see it, examining these allegations, and I'm happy to have pointed out to me anything I've missed or misread. *** You don't have to plead your evidence, but you have to plead something."

The trial court found that the complaint failed to plead fraud with the requisite specificity against each defendant and granted the motion to dismiss with leave to amend.

¶ 20     On May 4, 2017, relators filed a third amended complaint, which is the subject of this appeal. Unlike the prior complaints, relators included a section labeled "Representative Examples and Defendants' Admissions of the Scheme" and pled allegations relating to the failure to collect sales tax against each defendant. Specifically as to Home Depot, relators pled the following:

"82. The Lindbloms's father worked for Home Depot from 2000-2005 and he confirmed that Home Depot's policy and practice was to not charge ROT on over-the-range microwaves and dishwashers when the customers also arranged for delivery and installation of the item through Home Depot.

83. Home Depot knowingly continued this practice to the present as Home Depot admitted to Richard Lindblom in 2015. Richard Lindblom spoke to Caleb, a Home Depot sales agent, at Home Depot's Schaumburg, Illinois, store. Caleb stated that '[i]nstalled appliances aren't taxed, that's just how Home Depot does it.'

84. On September 24, 2015, Richard Lindblom procured a written quote for the purchase and installation of a dishwasher and over-the-range microwave from

Home Depot. Home Depot's sales agent stated there would be no sales tax on the quoted items."

Although the above allegations were pled sequentially in the third amended complaint, those identical allegations were previously included in the second amended complaint as paragraphs 23, 39, and 40, respectively.

¶ 21    Defendants jointly moved to dismiss the third amended complaint, asserting again that relators failed to plead fraud with specificity because the examples relators provided were not completed sales transactions but hypothetical sales that did not trigger an obligation to collect or pay any tax. Defendants further argued that the complaint failed to plead a violation of any law because defendants paid use tax to the Department, which was assessed at the same 6.25% tax rate as the retailers' occupation tax. Defendants also renewed their position that the public disclosure bar defeated relators' claims.

¶ 22    Home Depot filed an individual motion to dismiss, arguing that the government action bar operated to defeat relators' action because the Department was currently conducting an audit[4] of its sales transactions from January 2008 to June 2013, which it argued constituted an administrative civil money penalty proceeding in which the State was already a party.

¶ 23    On October 27, 2017, the trial court granted, in part, the motion to dismiss with prejudice finding relators failed to plead with specificity an actual completed sales transaction in which defendants did not collect and remit the sales tax due. But the trial court denied the motion to dismiss, in part, finding that the public disclosure bar did not defeat relators' claim because relators successfully pled that they were an original source of defendants' alleged fraudulent scheme, which they communicated to the Department. Likewise, the trial court found that the

_____

[4]The Department had previously audited Home Depot's sales transactions from June 1, 2004, to June 30, 2007, and according to Home Depot, the Department "did not find a 'scheme to avoid payment of the Retailers' Occupation Tax' on the sales of installed dishwashers and microwaves."

government action bar did not defeat relators' claims against Home Depot because an audit, by itself, did not qualify as an administrative civil money penalty proceeding in which the State was already a party. See 740 ILCS 175/4(e)(3) (West 2014).

¶ 24    Relators orally moved for leave to amend to plead a finalized sale transaction in which Home Depot did not charge the purchaser sales tax on the sale of an appliance installed by Home Depot. Home Depot objected, arguing that (i) almost three years had passed since relators filed their original complaint, (ii) relators already amended their complaint three times, and (iii) defendants repeatedly moved to dismiss the prior complaints based on relators' failure to plead an actual transaction. The trial court asked relators' counsel whether he had mistakenly omitted documentation of specific completed transactions or whether relators were seeking leave to find such transactions. Counsel responded that he was confident an investigation would reveal such transactions. Because relators did not presently have knowledge of an actual completed transaction, the trial court denied relators' oral motion for leave to amend.[5]

¶ 25    Approximately two months later, relators filed a written motion for leave to amend and attached a proposed fourth amended complaint. As to Home Depot, relators amended the complaint to include the following:

> "On November 26, 2010, Home Depot sold a dishwasher from a retail location in Elk Grove Village, Illinois for delivery and installation at a residence in Elk Grove Village, Illinois. Home Depot delivered and installed the dishwasher on December 13, 2010. Home Depot did not separately state, charge, or collect any Use Tax on the sale of the dishwasher. Home Depot sold the dishwasher for $549.00 and sold a dishwasher installation kit for $19.99. The receipt states that

---

[5]Because the case remained pending against other defendants and the court did not make a finding pursuant to Illinois Supreme Court Rule 304(a) (eff. Mar. 8, 2016), the court's order denying leave to amend was not final.

the 'sales tax rate' in Elk Grove Village in 9.5%. The receipt includes a charge for $1.90 of sales tax, reflecting 9.5% of the costs of the dishwasher installation kit, but no sales tax charge on the dishwasher. A copy of the November 26, 2010 sales receipt is attached to this Complaint as Exhibit B."

The trial court denied relators' motion to amend and entered judgment in favor of Home Depot and Sears. Because the case remained pending against Lowe's,[6] the trial court entered an Illinois Supreme Court Rule 304(a) (eff. Mar. 8, 2016) finding. Relators' timely appeal follows.

¶ 26                                    II. Analysis

¶ 27        This is relators' first appeal involving Home Depot. In a related case, relators appealed the trial court's dismissal of their *qui tam* complaint against Best Buy, based on the court's finding that Best Buy's request for an informal assessment review following the Department's audit and notice of proposed liability qualified as an administrative civil money penalty proceeding in which the State was already a party. *Sears Brands, LLC*, 2018 IL App (1st) 171468, ¶ 24. This court reversed and remanded for further proceedings, concluding that the Department's audit and an informal internal review of the proposed audit adjustments were not an administrative civil money penalty proceeding in which the State was already a party. *Id.* ¶¶ 33, 36. Home Depot now asks this court to revisit our prior conclusion that the Department's audit does not trigger the government action bar, which we discuss below.

¶ 28        Before we address the sufficiency of the complaint's allegations, we first determine whether the trial court should have granted Home Depot's section 2-619 motion to dismiss (735 ILCS 5/2-619 (West 2014)) asserting that the public disclosure bar and government action bar

---

[6]In a separate hearing, the trial court dismissed the action against Best Buy finding that the government action bar defeated the relators' claim. Relators appealed, and this court reversed that finding and remanded for further proceedings. *Sears Brands, LLC*, 2018 IL App (1st) 171468, ¶¶ 33, 36. On January 10, 2018, the trial court dismissed, without prejudice, Gregg Appliance as a party based on its Chapter 11 bankruptcy filing and automatic stay of actions against that entity.

defeated the relators' action.[7] We review a trial court's ruling on a motion to dismiss under sections 2-615 and 2-619 *de novo*. *Doe v. Chicago Board of Education*, 213 Ill. 2d 19, 23-24 (2004).

¶ 29    Because the Act closely mirrors the federal False Claims Act (31 U.S.C. § 3730 (2012)), we may look to federal law for guidance in construing the Act. *Scachitti v. UBS Financial Services*, 215 Ill. 2d 484, 506 (2005); *State ex rel. Schad, Diamond & Shedden, P.C. v. National Business Furniture, LLC*, 2016 IL App (1st) 150526, ¶ 32.

¶ 30    Turning first to the applicability of the public disclosure bar, the Act provides that the "court shall dismiss an action or claim *** if substantially the same allegations or transactions as alleged in the action or claim were publicly disclosed:

* * *

    (iii) from the news media,

unless the action is brought by the Attorney General or the person bringing the action is an original source of the information." 740 ILCS 175/4(e)(4)(A) (West 2014).

See also *Lyons Township ex rel. Kielczynski v. Village of Indian Head Park*, 2017 IL App (1st) 161574, ¶ 11.

¶ 31    The public disclosure bar is intended to preclude a relator's action when the alleged fraud was publicly disclosed in a listed source, unless the relator was an original source of certain information underlying the action. *United States ex rel. Moore & Co. v. Majestic Blue Fisheries, LLC*, 812 F.3d 294, 296-97 (3d Cir. 2016). A court must consider the following four inquiries when determining the applicability of the public disclosure bar:

---

[7]The public disclosure bar is no longer jurisdictional and may be pled as an affirmative defense. *United States ex rel. Advocates for Basic Legal Equality, Inc. v. U.S. Bank, N.A.*, 816 F.3d 428, 433 (6th Cir. 2016).

"(1) whether the alleged 'public disclosure' contains allegations or transactions from [among other sources, the news media], (2) whether the alleged disclosure was made 'public' within the meaning of the Act, (3) whether the relator's complaint is 'based upon' the 'public disclosure,' and (4) if the answer is positive for the prior three inquiries, whether the relator qualifies as an 'original source.' " *Village of Indian Head Park*, 2017 IL App (1st) 161574, ¶ 11.

See also *State ex rel. Beeler, Schad & Diamond, P.C. v. Target Corp.*, 367 Ill. App. 3d 860, 868 (2006). The "original source" exception is a savings clause and preserves a relator's suit even if there has been a prior public disclosure. *United States ex rel. Paranich v. Sorgnard*, 396 F.3d 326, 332 (3d Cir. 2005).

¶ 32    Because the public disclosure bar requires dismissal of a relator's suit based on fraud already disclosed in, as relevant here, the news media, unless the relator was an original source, we must first ask whether the allegations or transactions raised by the relator were publicly disclosed. *United States ex rel. Osheroff v. Humana, Inc.*, 776 F.3d 805, 812 (11th Cir. 2015); see *United States ex rel. Beauchamp v. Academi Training Center, LLC*, 816 F.3d 37, 43 (4th Cir. 2016) (the public disclosure bar aims to stifle parasitic lawsuits that merely reiterate previously disclosed fraudulent acts). To find that there was a public disclosure of fraud, the public disclosure "must have (1) been public, and (2) revealed the same kind of fraudulent activity against the government as alleged by the relator." *United States ex rel. Poteet v. Medtronic, Inc.*, 552 F.3d 503, 511 (6th Cir. 2009). The public disclosure may either include an allegation of fraud or describe a transaction that raises an inference of fraud consisting of both the allegedly misrepresented facts and the true state of facts. *United States v. Omnicare, Inc.*, 903 F.3d 78, 83 (3d Cir. 2018).

¶ 33    Home Depot contends that the allegations of fraud in relators' complaint were publicly disclosed in the 2011 Milwaukee Journal Sentinel article. But nothing in the article publicly disclosed any allegations of fraud against Home Depot or described a transaction giving rise to an inference of fraud based on allegedly misrepresented facts. Indeed, the article expressly discussed Home Depot's *compliance* with Wisconsin sales tax laws by noting that it did not charge sales tax on dishwashers when the customer also contracted to have the dishwasher installed. And the article did not discuss or reference Home Depot's practices under Illinois sales tax law. Likewise, Home Depot asserts that various general information letters and private letter rulings issued by the Department were public disclosures of the alleged fraud advanced by relators, but the content of those publications recited general propositions of the law and did not specifically name or identify Home Depot as engaging in any wrongful conduct. See *United States v. CSL Behring, L.L.C.*, 855 F.3d 935, 944 (8th Cir. 2017) (an allegation of industry-wide fraud without specifically naming or providing enough information to directly identify the entity engaged in the fraudulent activity is insufficient to trigger the public disclosure bar). Because there was no public disclosure in either the article or the Department's publications of *any* fraudulent conduct specifically against Home Depot, the public disclosure bar did not defeat the relators' action.

¶ 34    Even if we were to assume that the article was a public disclosure of fraudulent conduct on the part of Home Depot, relators' complaint included sufficient allegations that they were the original source that unveiled Home Depot's fraudulent scheme to the Department based on letters they sent to the Department in 2004 and 2015. Relators pled that the information they provided to the Department in the letters prompted the Department to issue a general information letter in 2004 and the 2015 compliance alert, addressing the proper tax treatment of tangible personal property sold and installed by retailers. Consequently, relators' allegations that they

were an original source provide an additional basis to conclude that their action survives the public disclosure bar.

¶ 35    We turn next to the applicability of the government action bar. Home Depot claims that the Department's ongoing audit of its tax treatment of sales transactions triggered the government action bar because the audit qualifies as an administrative civil money penalty proceeding in which the State was already a party. As noted, we have already rejected a similar argument advanced on behalf of Best Buy. See *Sears Brands, LLC*, 2018 IL App (1st) 171468, ¶ 33.

¶ 36    Under the government action bar, an individual may not bring an action under the Act if that action is "based upon allegations or transactions which are the subject of *** an administrative civil money penalty proceeding in which the State is already a party." 740 ILCS 175/4(e)(3) (West 2014). The government action bar operates to promote the exposure of fraud while weeding out duplicative suits (based on the same allegations) that the government is or has been a party to because the government is capable of pursuing the suit itself. *United States ex rel. Estate of Gadbois v. PharMerica Corp.*, 292 F. Supp. 3d 570, 580 (D. R.I. 2017).

¶ 37    Home Depot requests that we reconsider our holding in relators' appeal against Best Buy that an audit conducted by the Department does not qualify as an administrative civil money penalty proceeding in which the State was already a party. Home Depot acknowledges that the Department's audit was still ongoing when it moved to dismiss relators' complaint, but argues that survival of relators' action would duplicate the Department's audit. We decline to revisit our earlier ruling that a Department audit does not qualify as an administrative civil money penalty proceeding in which the State was already a party. *Sears Brands, LLC*, 2018 IL App (1st) 171468, ¶ 33. And Home Depot cannot point to anything demonstrating that the Department issued a statutory notice of final liability to Home Depot due to its noncompliance with this

state's tax laws invoking Home Depot's right to statutory review, which would have necessarily named the State as a party to that action. See *United States ex rel. Johnson v. Shell Oil Co.*, 26 F. Supp. 2d 923, 928 (E.D. Tex. 1998) (a few payment demands and an audit conducted by a government agency do not constitute the type of proceedings which the government action bar addresses). Consequently, the government action bar, just like the public disclosure bar, does not defeat the relators' action.

¶ 38        We next consider the merits of relators' claim that the trial court erred in dismissing their complaint under section 2-615 for failure to state a cause of action. Relators assert that the trial court erred in finding that their failure to plead an actual completed transaction demonstrating that Home Depot did not charge customers sales tax warranted dismissal under section 2-615.

¶ 39        The critical inquiry raised by a section 2-615 motion to dismiss "is whether the allegations of the complaint, when construed in a light most favorable to the plaintiff, are sufficient to state a cause of action upon which relief may be granted." *Bogenberger v. Pi Kappa Alpha Corp.*, 2018 IL 120951, ¶ 23; *Cochran v. Securitas Security Services USA, Inc.*, 2017 IL 121200, ¶ 11. An action alleging a violation of the Act must meet the heightened pleading standards for fraud. See *Connick v. Suzuki Motor Co.*, 174 Ill. 2d 482, 496-97 (1996); *Village of Indian Head Park*, 2017 IL App (1st) 161574, ¶ 10 (the Act is an anti-fraud statute). To satisfy that standard, a plaintiff must allege, with specificity and particularity, facts from which fraud is the necessary and probable inference, including what misrepresentations were made, when they were made, who made the misrepresentations, and to whom they were made. *Connick*, 174 Ill. 2d at 496-97. All well-pleaded facts and all reasonable inferences that may be drawn from those facts must be taken as true. *Bogenberger*, 2018 IL 120951, ¶ 23; *Cochran*, 2017 IL 121200, ¶ 11; *Marshall v. Burger King Corp.*, 222 Ill. 2d 422, 429 (2006). A complaint pleading mere conclusions of law or facts unsupported by specific factual allegations cannot withstand a section

2-615 motion to dismiss. *Better Government Ass'n v. Illinois High School Ass'n*, 2017 IL 121124, ¶ 57; *Midwest Medical Records Ass'n v. Brown*, 2018 IL App (1st) 163230, ¶ 12. Dismissal under section 2-615 is proper only when "it is clearly apparent from the pleadings that no set of facts can be proven that would entitle the plaintiff to recover." *Cochran*, 2017 IL 121200, ¶ 11.

¶ 40    Relators' third amended complaint included a count for a "reverse false claim" because relators alleged that Home Depot improperly avoided paying taxes owed to the State on the sale of certain installed appliances. *People ex rel. Beeler, Schad & Diamond, P.C. v. Relax the Back Corp.*, 2016 IL App (1st) 151580, ¶ 19; *National Business Furniture, LLC*, 2016 IL App (1st) 150526, ¶ 28. To state an action for a reverse false claim, a relator must plead that the defendant (i) had an obligation to pay or transmit money to the State, (ii) concealed or avoided that obligation, and (iii) acted knowingly. 740 ILCS 175/3(a)(1)(G) (West 2014). Under the Act, "a party 'knowingly' conceals or avoids an obligation to pay when it has 'actual knowledge' of the obligation, or 'acts in deliberate ignorance' or 'reckless disregard' of the obligation." *National Business Furniture*, 2016 IL App (1st) 150526, ¶ 29 (quoting 740 ILCS 175/3(b)(1)(A)(i)-(iii) (West 2010)). There is no requirement that a defendant concealing or avoiding a payment to the State must make a false statement or record to come within the purview of the Act. *Id.*

¶ 41    Based on our review of the relators' third amended complaint, we find the allegations in the pleading were sufficient to withstand a section 2-615 motion to dismiss. Specifically, the complaint alleged that Home Depot had an obligation (i) to charge and collect sales tax from customers purchasing dishwashers and over-the-range microwaves at retail that Home Depot installed and (ii) to remit the tax collected to the Department in order to comply with its retailers' occupation tax obligation. The complaint also alleged that despite Home Depot's knowledge of that tax obligation, Home Depot knowingly failed to charge customers sales tax and purposely

misclassified itself as a construction contractor as part of its scheme to avoid its obligation owed to the State. Relators sufficiently supported their allegations of fraud with statements from two Home Depot employees (the relators' father (former employee) and sales associate Caleb (current employee)), who sold appliances to customers, and a written quote dated September 24, 2015, both establishing Home Depot's practice of not charging customers sales tax on the sale and installation of over-the-range microwave ovens and dishwashers. Home Depot argues that any representations made by its sales associates regarding its tax practices were not binding admissions, because the sales associates were not trained on its accounting practices and were unversed on the finer points of Illinois tax laws. While sales floor personnel may not make admissions regarding tax matters that would bind Home Depot, they would nevertheless be familiar with Home Depot's practice of refraining from charging sales tax on installed dishwashers and over-the-range microwaves. These allegations taken as true, adequately allege Home Depot's practice that forms the basis of relators' claim. And those allegations combined with the complaint's other allegations constituted specific allegations of facts from which fraud was the necessary or probable inference. *Connick*, 174 Ill. 2d at 496-97.

¶ 42    Contrary to Home Depot's position, an actual completed transaction was not necessary to plead a violation of the Act. Here, as stated, the complaint included sufficient allegations creating the probable inference that Home Depot devised a scheme to knowingly misclassify itself as a construction contractor, even though it was a retailer, to purposely evade its responsibility to charge customers sales tax on the sales price of dishwashers and over-the-range microwaves sold and installed by Home Depot. This practice, in turn, presumably resulted in Home Depot's failure to remit the correct amount of retailers' occupation tax to the Department. Home Depot's insistence that relators were required to plead an actual transaction in which sales tax was not charged and the failure of Home Depot thereafter to remit the proper tax to the Department is

misguided. It cannot be reasonably argued that the allegations pled in the complaint were so lacking in specificity and particularity that Home Depot was not apprised of what it was called upon to answer. See *Board of Education of City of Chicago v. A, C & S, Inc.*, 131 Ill. 2d 428, 457 (1989); *Avon Hardware Co. v. Ace Hardware Corp.*, 2013 IL App (1st) 130750, ¶ 15. Indeed, Home Depot largely acknowledges that it does not charge customers sales tax on dishwashers and over-the-range microwaves when customers also contract to have the appliance installed by Home Depot. Home Depot defends this practice as the proper tax treatment because those appliances are intended by customers to be permanently affixed to real property. Home Depot even goes as far as to state that "to the extent the Lindbloms continue to charge Sales Tax to customers on appliances those customers intend will remain with their real estate, the Lindbloms are themselves engaged in an ongoing violation of Illinois tax law and defrauding their own customers out of money their store owes the State." These arguments go not to the sufficiency of the complaint's allegations, but to the merits of relators' claims under the Act. Home Depot does not articulate how requiring the Lindbloms to plead a particular transaction would frame the issues any more clearly or better enable Home Depot to determine the basis for relators' fraud claim.

¶ 43 Likewise, we are not persuaded by Home Depot's assertion that relators' complaint is deficient because Home Depot satisfied its tax obligations by remitting to the Department use tax on dishwashers and over-the-range microwaves sold and installed by Home Depot. Again, this argument goes not to the sufficiency of the pleading but to the merits of relators' claims and so is not appropriate for resolution on a motion to dismiss under section 2-615. The issue before us is a pleading issue addressing whether relators' complaint sufficiently pled an action for fraud on the basis that Home Depot, as a retailer and not a construction contractor, was required to charge and collect sales tax from its customers purchasing dishwashers and microwaves to be installed

by Home Depot. It is undisputed that we must accept all well-pleaded facts in the complaint as true, which then necessarily requires us to accept as true for pleading purposes relators' allegation that Home Depot was a retailer, not a construction contractor. And as a retailer, Home Depot had an obligation to collect sales tax from its customers relating to the sale and installation of microwaves and dishwashers. We find the allegations in the complaint, when construed in the light most favorable to relators, are sufficient to state a cause of action upon which relief may be granted. See *Kanerva v. Weems*, 2014 IL 115811, ¶ 33. Consequently, the trial court erred in granting Home Depot's section 2-615 motion to dismiss relators' third amended complaint.

¶ 44       Although we find relators' complaint sufficient to state a claim because it satisfied the heightened pleading standard for fraud, we express no opinion as to the merits of relators' claim asserting a violation of the Act against Home Depot.

¶ 45       Because we find that relators' complaint was sufficient to withstand a section 2-615 motion to dismiss, we need not address the relators' final claim that the trial court abused its discretion in denying its motion for leave to file a fourth amended complaint.

¶ 46                                    III. Conclusion

¶ 47       We reverse the trial court's dismissal of the relators' third amended complaint with prejudice and remand for further proceedings.

¶ 48       Reversed and remanded.